Case: 3:01-cv-00619-bbc   Document #: 119   Filed: 12/02/02   Page 1 of 8

Document Number | Case Number
119 | 01-C-0619
United States District Court
Western District of Wisconsin
Joseph W. Skupniewitz
Filed/Received
12/02/2002 07:06:18 PM CST

Joseph A. Kromholz WI Bar No. 1,002,464
Daniel R. Johnson, WI Bar No. 1,033,981
RYAN KROMHOLZ & MANION, S.C.
P. O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211
Attorneys for Plaintiff Tru-Fire Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TRU-FIRE CORPORATION,<br>            Plaintiff<br>    v.<br>TOMORROW'S RESOURCES UNLIMITED, INC.<br>            Defendant. | **Reply Brief in Support of Plaintiff's Objection to Defendant's Bill of Costs**<br><br>Case No. 01C0619-C |

### REPLY BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTIONS TO DEFENDANT'S BILL OF COSTS

      Plaintiff, Tru-Fire Corporation located at N7355 State Street, Fond du Lac, Wisconsin, 54937, by its attorneys, Ryan Kromholz & Manion, S.C. by Joseph A. Kromholz and Daniel R. Johnson, hereby replies in support of Plaintiff's Objections to Defendant's proposed bill of costs submitted in this case.

      Plaintiff requests that costs be reduced in accordance with these objections to a total of $512.24 - consisting of $80.00 for expert witness fees, $432.24 for transcript fees, $0.00 for photocopying fees, and $0.00 for deliveries, as detailed below.

1     I.     **LEGAL STANDARDS**

2     "The bill of costs proposed by a winning party should always be given careful
3 scrutiny." <u>Koppinger v. Cullen-Schiltz & Associates</u>, 513 F.2d 901, 911 (8th Cir. 1975). The prevailing
4 party carries the burden of establishing that statutory costs, provided for in 28 U.S.C. § 1920,
5 authorizes the costs sought to be taxed. <u>Green Const. Co. v. Kansas City Power & Light Co.</u>, 153
6 F.R.D. 670, 675 (D. Kan. 1994).

7     Nowhere does Tru-Ball indicate that Nowhere does defendant provide statutory authority for
8 its delivery charges, because such charges are not recoverable by statute.

10     II.     **ANALYSIS**

11     Defendant seeks almost $15,000.00 in costs, the majority of which are either excessive, or not
12 provided for by statute.

13     *A. The Transcript Fees are Excessive*

14     A Court, in its discretion, may award costs as "[f]ees of the court reporter for all or any
15 part of the stenographic transcript **necessarily obtained for use in the case**." Much of the transcript
16 costs that Tru-Ball seeks were not necessarily obtained for use in this case or in their summary
17 judgment filings, as this Court's disposition did not require deposition testimony of any witness.

18     Nowhere does Tru-Ball indicate how it complied with Fed.R.Civ.P. 26 prior to the first
19 <u>Markman</u> hearing. In fact, Dr. Milestone's expert report was not submitted to Tru-Fire prior to the
20 <u>Markman</u> hearing, necessitating the second hearing to avoid ambush. *See* <u>Salgado v. General Motors
21 Corp.,</u> 150 F.3d 735, 742 (expert report must contain a detailed description of expert opinions and
22 bases therefore).

23     Nowhere does Tru-Ball indicate that its deposition transcripts were anything but
24 investigative in nature, and thus not allowable as taxable costs. *See* <u>Koppinger v. Cullen-Schiltz &
25 Associates</u>, 513 F.2d 901, 911 (8th Cir. 1975).

26     Nowhere does Tru-Ball argue that its use of real-time transcription was anything other

RYAN KROMHOLZ & MANION, S.C.
P. O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211

2.

than for the convenience of counsel. Costs expended for the convenience of counsel may not be assessed on a bill of costs. *See* Hudson v. Nabisco Brands, Inc., 758 F.2d 1237, 1243 (7th Cir. 1985); EEOC v. Sears, Roebuck & Co., 114 F.R.D. 615, 622 (N.D. Ill. 1987).

Furthermore, Tru-Ball nowhere provides justification for its reporter's appearance fees, which are not allowable by statute. See Viacao Aerea Sao Paulo v. Intern. Lease Fin. Corp., 119 F.R.D. 435, 439 (C.D.Cal. 1988) ("Costs incident to the depositions, namely the court reporter's 'per diem' charge. . . must be disallowed because § 1920(2) does not provide for taxation of those items.") S*ee also* Crawford Fitting Company v. J.T. Gibbons, Inc., 482 U.S. 437, 441-442, 107 S. Ct. 2494, 2497-2498, 96 L. Ed. 2d 385, 391 (1987).

The maximum costs taxable to Tru-Fire for transcripts should be $432.24, in accordance with Tru-Fire's objections.

### B. *The Expert Witness Fees are Excessive*

Defendant seeks reimbursement far beyond the $40.00 / day allowed by 28 U.S.C. § 1821. Defendant ignores Supreme Court precedent

However, witness fees are capped by statute at $40/ day. *See* Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437 (1987) ("[A] federal court may tax expert witness fees in excess of the $[4]0-per-day limit set out in 1821(b) only when the witness is court-appointed.") There can be no dispute that Dr. Milestone was not a court appointed expert, and for that reason, it would be an abuse of discretion for this Court to award costs in excess of $40.00/ day.

Section 1920 "embodies Congress' considered choice as to the kinds of expenses that a federal court may tax as costs against the losing party." Crawford Fitting, 482 U.S. at 440. In Crawford Fitting, the Court addressed the particular issue of whether a district court could award expert witness fees under 28 U.S.C. § 1920(3) in excess of those specified by 28 U.S.C. § 1821(b). The Court concluded that while Rule 54(d) and section 1920(3) gave the district court discretion to award expert witness fees, section 1821 limited the amount that could be awarded. *Id.* at 441. "When Congress

RYAN KROMHOLZ & MANION, S.C.
P. O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211

3.

meant to set a limit on fees, it knew how to do so. . . . The discretion granted by Rule 54(d) is not a power to evade this specific congressional command. Rather, it is solely a power to decline to tax, as costs, the items enumerated in § 1920." Id. at 442. The Court held that "absent explicit statutory or contractual authorization for the taxation of the expenses of a litigant's witness as costs, federal courts are bound by the limitations set out in 28 U.S.C. § 1821 and § 1920." Id. at 445. Thus, the Court found that the trial judge did not have the discretion to award expert witness fees, such as the expert's hourly rate, beyond those specified by section 1821.

In accordance with Crawford Fitting, this Court is limited to awarding those costs specified by 28 U.S.C. § 1920, $40.00/ day witness fees, totaling $80 in this case. *See also*, Hansen v. Sea Ray Boats, Inc., 160 F.R.D. 166 (D.Utah 1995) (limiting recovery of expert fees to the statutory $40.00/ day witness fee).

### C. *The Photocopy Charges are Unnecessary, Excessive, and not Adequately Supported*

Defendant seeks $7,536.62 in photocopy charges. 28 U.S.C. § 1920 allows for discretionary costs for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case. . . ." The phrase "'for use in the case' refers to materials actually prepared for use in presenting evidence to the court. . . ." E.E.O.C. v. Kenosha Unified School Dist. No. 1, 620 F.2d 1220, 1227-28 (7th Cir. 1980). The section thus does not encompass Nixon & Vanderhye's copying of papers for its own use. *See* McIlveen v. Stone Container Corporation, 910 F.2d 1581 (7th Cir. 1990)

Again, defendant does not even attempt to identify which copies were used as court exhibits or were furnished to the court or opposing counsel. Accordingly, Tru-Fire objects to *any* imposition of costs for photocopying.

$2,800.70, now reduced to $2,240.56, appears to be photocopying charges that Nixon & Vanderhye billed for photocopies it produced to unknown recipients. Now, Tru-Ball offers that it has made a "good faith" effort to parse necessary and unnecessary copy costs. This does not allow either Tru-Fire or this Court to inspect Tru-Ball's bill of costs with "careful scrutiny". Koppinger.

RYAN KROMHOLZ & MANION, S.C.
P. O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211

4.

021202 reply to objection to costs　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Tru-Fire Corporation v. Tomorrow's Resources Unlimited, Inc.

Further, defendant has still offered no description of the purposes for which these photocopies were made. Accordingly, these costs should be denied in their entirety. To recover the costs for copying, the prevailing party must provide the best "breakdown obtainable" regarding the number of pages, the purpose, and the cost of each document, but not "so detailed as to make it impossible economically to recover photocopying costs." Northbrook Excess and Surplus Ins. Co. v. Procter & Gamble Co., 924 F.2d 633, 643 (7th Cir. 1991). The breakdown is vital to provide the court with enough information to determine if the copies in question were reasonably necessary, in both price and content, for use in the case. Accordingly, these costs should be denied in their entirety.

$4,191.36 of the sought costs appear to be photocopy charges for Nixon & Vanderhye's own use in duplicating papers in its client's possession. The $4,191.36 that defendant seeks for photocopy charges for Nixon & Vanderhye's own use in duplicating papers in its client's possession should be disallowed in its entirety. Tru-Fire already paid for its own copy of these discovery materials, and should not be forced to pay for Tru-Ball's copy as well. In Baxter Intern., Inc. v. McGaw, Inc., 1998 U.S. Dist. LEXIS 2422, No. 95 C 2723, 1998 WL 102668 (N.D. Ill. March 3, 1998), the court addressed this precise issue, and held that the making of additional copies for a party's own use, even of Bates stamped discovery materials, is not recoverable:

> The making of copies of the 54,483 pages of documents for production to plaintiffs in discovery is recoverable. However, the making of an additional copy for defendant, however valuable and convenient that may have been to defendant's preparation of the case, was nonetheless for the convenience of defendant's attorneys, since defendant after all had the originals of documents in its possession. Therefore, recovery of the costs of copying only the copy for plaintiffs will be allowed.

This principle has been subsequently reaffirmed in several cases. See, e.g., Jones v. Board of Trustees of Community College Dist. No. 508, 197 F.R.D. 363, 364 (N.D. Ill. 2000)(holding that prevailing party may only recover for one copy to court and for one copy to opponent - not for prevailing parties' own copies); Sharp v. United Airlines, Inc., 197 F.R.D. 361, 362 (N.D. Ill. 2000)(disallowing prevailing party's cost to copy its own set of documents produced to opponent, because "however valuable and convenient that may have been to [prevailing party's] preparation of its

RYAN KROMHOLZ & MANION, S.C.
P. O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211

5.

case, it was nonetheless for the convenience of [prevailing party's] attorneys, since [prevailing party] after all had the originals of the documents in its possession.")(citations omitted), aff'd, 236 F.3d 373, 2001 U.S. App. LEXIS 8, 2001 WL 4988 (7th Cir. 2001).

The necessity for, nor the contents of, the remaining $544.56 is not ascertainable. Because the necessity for, nor the contents of, the remaining $544.56 in photocopying is not ascertainable, these costs should also be denied in their entirety. *See* Northbrook.

Defendant should receive no costs for photocopying.

D.  *Delivery Charges are Not Statutorily Available*

Delivery and postage charges are not taxable costs pursuant to 28 U.S.C. § 1920. *See also*, O'Ryhim v. Reliance Standard Life Ins. Co., 997 F. Supp. 728, 737 (E.D.VA 1998) ("The items of cost reflecting postage . . . are incidental expenses of litigation and therefore not allowable costs under Rule 54(d) or 28 U.S.C. § 1920. Costs for Federal Express . . . are similar to postage costs, and, as such, are not allowable.")

Furthermore, this Court does not have discretion to award costs that are not authorized by statute under Fed.R.Civ.P. 54(d)(1), and in turn, 28 U.S.C. § 1920.

Costs that are not provided in 28 U.S.C. § 1920 are not allowed, such as delivery costs. Tru-Ball has not shown, or carried its required burden of establishing that statutory costs, provided for in 28 U.S.C. § 1920, are authorized in this case. Defendant should receive no costs for its sought deliveries.[1]

---

[1] Tru-Ball summarily argues that it could be entitled to delivery charges under 28 U.S.C. § 1927. Nowhere does Tru-Ball allege that Tru-Fire has multiplied the proceedings in any fashion, and for that reason, the remedies under § 1927 are not available to Tru-Ball. Conducting discovery late in this Court's short discovery period can in no way be considered multiplicitous.

RYAN KROMHOLZ & MANION, S.C.
P. O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211

III. **CONCLUSION**

Costs should be reduced in accordance with these objections to a total of $512.24 - consisting of $80 for expert witness fees, $432.24 for transcript fees, $0.00 for photocopying fees, and $0.00 for deliveries, as detailed above.

Respectfully submitted:

Date: December 2, 2002           Ryan, Kromholz & Manion, S.C.

By:    / s/ Daniel R. Johnson
   Joseph A. Kromholz (State Bar No. 1002464)
   Daniel R. Johnson  (State Bar No.  1033981)
   RYAN KROMHOLZ & MANION, S.C.
   P. O. Box 26618
   Milwaukee, Wisconsin 53226-0618

Attorneys for Plaintiff Tru-Fire Corporation

RYAN KROMHOLZ & MANION, S.C.
P. O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211

7.

1  Joseph A. Kromholz WI Bar No. 1,002,464
   Daniel R. Johnson, WI Bar No. 1,033,981
2  RYAN KROMHOLZ & MANION, S.C.
   P. O. Box 26618
3  Milwaukee, Wisconsin 53226-0618
   Telephone: (262) 783-1300
4  Facsimile: (262) 783-1211

5  Attorneys for Plaintiff Tru-Fire Corporation

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TRU-FIRE CORPORATION,<br>　　　　　Plaintiff<br><br>v.<br><br>TOMORROW'S RESOURCES<br>UNLIMITED, INC.<br>　　　　　Defendant. | **Certificate of Service**<br><br>Case No. 01C0619-C |

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of Plaintiff's **REPLY BRIEF IN SUPPORT OF PLAINTIFF'S OBJECTION TO DEFENDANT'S BILL OF COSTS** has been served on the following attorneys of record by fax and United States Mail Addressed as follows:

James R. Cole, Esq.
QUARLES & BRADY LLP
P O Box 2113
Madison WI 53701-2113

Jonathon Reavill
Nixon & Vanderhye P.C.
8th Floor
1100 North Glebe Road
Arlington VA 22201-4714

this December 2, 2002.

　　　　/ s/ Daniel R. Johnson
　　　　Daniel R. Johnson
　　　　Ryan Kromholz & Manion, S.C.
　　　　P.O. Box 26618
　　　　Milwaukee, WI 53226-0618

RYAN KROMHOLZ & MANION, S.C.
P. O. Box 26618
Milwaukee, Wisconsin 53226-0618
Telephone: (262) 783-1300
Facsimile: (262) 783-1211

8.

021202 reply to objection to costs                                    Tru-Fire Corporation v. Tomorrow's Resources Unlimited, Inc.